AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Texas

**U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED**

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | JUN 1 1 2026 |
| | ) | Case No.  2:26-MJ-105-BR |
| | ) | **CLERK, U.S. DISTRICT COURT** |
| ADONAY JOSE DALIS RAMIREZ | ) | By _____ |
| | ) | Deputy |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____May 26, 2026_____ in the county of _____Potter_____ in the

_____Northern_____ District of _____Texas_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 513(a) | Uttering and Possessing Forged and Counterfeited Securities of an Organization |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

_____Elizabeth Hawker, HSI Special Agent_____
*Printed name and title*

Attested to by the applicant in accordance with the requirement of Fed. R. Crim. P. 4.1 by telephone this 11th day of June May, 2026.

Date: _____06/11/2026_____

_____
*Judge's signature*

City and state: _____Amarillo, TX_____

_____Lee Ann Reno, U.S. Magistrate Judge_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT
### Case No. 2:26-MJ-105-BR

### Title 18, United States Code, Section 513

As a result of my training and experience, I am familiar with violations of federal laws, including 18 U.S.C. § 513(a), which makes it unlawful for any person to make, utter, or possess a forged security of an organization, with intent to deceive another person, organization, or government. The following are the elements and definitions associated with this offense from Fifth Circuit Pattern Jury Instruction 2.23A (2024):

*First*: That the defendant made, uttered, or possessed a security;

*Second*: That the defendant knew that the security was counterfeited or forged;

*Third*: That the counterfeited or forged security was of an organization; and

*Fourth*: That the defendant did so with the intent to deceive another person, organization, or government.

The term "utter" means putting a check, bond, or security in circulation by means of an assertion or misrepresentation that the instrument is genuine.

The term "counterfeited" means a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety.

The term "forged" means a document that purports to be genuine but is not because it has been falsely altered, completed, signed, or endorsed, or contains a false

addition thereto or insertion therein, or is a combination of parts of two or more genuine documents.

The term "security" means, in relevant part, a note, stock certificate, treasury stock certificate, bond, treasury bond, debenture, certificate of deposit, interest of coupon, bill, check, draft, warrant, debit instrument as defined in section 916(c) of the Electronic Fund Transfer Act, money order, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest in or participating in any profit-sharing agreement, collateral-trust certificate, pre-reorganization certificate of subscription, transferable share, investment contract, voting trust certificate  or certificate of interest in tangible or intangible property.

**<u>Facts Establishing Probable Cause</u>**

On May 26, 2026, Potter County Sheriff's Office (PCSO) conducted a traffic stop, on a black Toyota Camry, displaying Texas license plate YBV6405, for a moving violation, at or near the intersection of Farm to Market (F.M.) 1061 and Ranch Street, in Amarillo, Texas, which is in the Amarillo Division of the Northern District of Texas.  The driver and sole occupant of the vehicle was identified as Adonay Jose Dalis Ramirez (DALIS RAMIREZ) via Florida Driver's License.

During the course of the traffic stop, a search of the vehicle was affected, which resulted in the discovery of one Mexican Passport in the name of Alfredo Miguel Castro Rodriguez (AMCR), bearing the photograph of DALIS RAMIREZ, as well as one Mexican Driver's License also in the name of AMCR, which also bared the photograph of DALIS RAMIREZ.  Additional items discovered during the

search, included a fraudulent Venezuelan Driver's License, bearing the photograph of DALIS RAMIREZ in the name Juan Chacon Leal (JCL), a Chase Bank Cashier's Check endorsed to JCL, as well as twenty deemed counterfeit Money Gram Money Orders.  The money orders were issued by Western Union at various Kroger grocery stores.  The money orders were counterfeit in that they were not genuine because the dollar value of the money orders was forged to appear that the value of the money orders were each $1000, rather their original $10 valuation at issuance.  Agents confirmed with Western Union that the money orders were in fact only issued at the $10 amount and were later altered to appear as though they were each of a $1000 valuation.

During two interviews, after being advised of his *Miranda* warnings, DALIS RAMIREZ admitted to possessing the fraudulent identification documents and advised that he was traveling to Houston, Texas, to turn over the altered money orders and cashier's check to his employer.  DALIS RAMIREZ admitted he knew the money orders were false, meaning fake or fraudulent.  DALIS RAMIREZ claimed that his employer would then use the money orders to pay other illegal aliens.  DALIS RAMIREZ claimed his employer would instruct him to pick up the altered money orders in different states and provide further instruction on where to deliver them. Because DALIS RAMIREZ possessed and transported the fraudulent money orders, knowing they were fraudulent, to his employer whose intent was to utilize them to pay employees, DALIS RAMIREZ knew and intended that an

organization and person, including banks and employees, would be deceived by the counterfeited and fraudulent money orders.

Biometrics Checks and Immigration records revealed that DALIS RAMIREZ is the subject's correct name and identity.  Furthermore, DALIS RAMIREZ is indeed a citizen and national of Venezuela by virtue of birth in Venezuela, who does not currently have any lawful immigration status in the United States.

Additional law enforcement queries, revealed no records on behalf of the fraudulent Venezuelan Driver's License, bearing the name JCL; however, those queries did reveal DALIS RAMIREZ had used JCL as a prior alias.  Database checks on the name AMCR from the fraudulent Mexican Identification Documents revealed negative results for any true holder associated.

Based on the aforementioned facts, there is probable cause to believe DALIS RAMIREZ violated Title 18, United States Code, Section § 513(a), which makes it unlawful for any person to make, utter, or possess a forged security of an organization, with intent to deceive another person, organization, or government.

Elizabeth J Hawker
Homeland Security Investigations
Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 11th day of June, 2026.

_Lee Ann Reno_

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE